# IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

MICHAEL CLARK )
        )
        )     **CASE NO. ST-17-CV-00423**
         Plaintiff, )
        )     **ACTION FOR WRONGFUL**
        )     **DISCHARGE, BREACH OF**
        )     **CONTRACT, AND DAMAGES**
        v.       )
        )     **JURY TRIAL DEMANDED**
THE VIRGIN ISLANDS HOUSING )
AUTHORITY (VIHA) )
        )
        Defendant. )
_____ )

### 2021 VI Super 111P

### <u>MEMORANDUM OPINION AND ORDER</u>

¶1     **THIS MATTER** is before the Court on the following:

1. Defendant's Motion for Relief from Default Summary Judgment and Memorandum in Support of Defendant's Motion for Relief from Default Judgment, filed July 26, 2019;

2. Plaintiff's Opposition to Defendant's Motion for Relief from Default Judgment, filed August 16, 2019;

3. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Relief from Judgment, filed August 29, 2019;

4. Defendant's Response to Court Order Dated September 14, 2021, filed September 27, 2021; and

5. Plaintiff's Response to the Court's Order, filed September 28, 2021.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶2     Plaintiff Michael Clark (hereinafter "Clark") was hired as a Maintenance Mechanic by Defendant Virgin Islands Housing Authority (hereinafter "VIHA"), a public housing corporation and instrumentality of the government of the Virgin Islands, on August 17, 2002.[1] In January 2005,

---

[1] Pl.'s Compl. ¶¶ 3-4.

**2021 VI Super 111P**

Clark accepted a position of Maintenance Zone Foreman in VIHA's Maintenance department.[2] In 2006, VIHA reorganized its Maintenance department and Clark's title changed to AMP Maintenance Foreman.[3] Clark remained in this position until he was terminated on August 26, 2016.[4] Prior to Clark's termination, VIHA allegedly put him on a "Performance Improvement Plan" (hereinafter "PIP") and gave him notice that he needed to comply with the PIP and show improvement.[5] Clark disagreed with this assessment of his job performance and refused to sign the PIP.[6] Clark was terminated via a letter dated August 26, 2016, that stated his work performance was unsatisfactory and his termination was effective at 5:00 p.m. that day.[7]

¶3     Clark appealed his termination to the Public Employee Relations Board (hereinafter "PERB") on September 7, 2016.[8] PERB dismissed Clark's claim as untimely on November 21, 2016.[9] Clark filed a Petition for Writ of Review with this Court on December 15, 2016.[10] This Court upheld PERB's decision and dismissed Clark's writ of review with prejudice on May 5, 2017.[11]

¶4     Clark filed a Complaint for the present action on November 2, 2017, alleging wrongful discharge, breach of employment agreement, and breach of implied duty of good faith and fair dealing. A 20-day Summons was issued to Robert Graham (hereinafter "Graham"), CPM Executive Director for VIHA, on November 16, 2017. Clark filed a Notice of Filing on November 30, 2017, asserting that VIHA was served a copy of the Summons and Complaint by personally serving Graham on November 27, 2017. Having received no response from VIHA, Clark subsequently applied for Entry of Default which the Court entered on February 22, 2018. Clark then filed a Motion to Schedule a Default Judgment Hearing on March 13, 2018. The Court granted Clark's Motion on August 29, 2018, and ordered Clark to submit a fully supported Motion for Summary Judgment. Clark submitted a Memorandum of Law in Support of Motion for Summary Judgment on November 27, 2018. The matter came before the Court for a Summary Judgment hearing on Thursday, November 29, 2018, where Clark presented evidence and argument. There was no participation at the hearing from VIHA. The Court granted Summary Judgment in favor of Clark and ordered Default Judgment entered in favor of Clark against VIHA on December 6, 2018.

¶5     On June 7, 2019, Attorney Carol A. Rich, Esq., filed a Notice of Appearance on behalf of VIHA. On July 26, 2019, VIHA filed a Motion for Relief from Default Summary Judgment, and a Memorandum in Support of Defendant's Motion for Relief from Default Judgment. VIHA seeks

---

[2] Pl.'s Compl. ¶ 5.
[3] Pl,'s Compl. ¶ 6.
[4] Pl.'s Compl. ¶ 7.
[5] Pl.'s Compl. ¶ 11.
[6] Pl.'s Compl. ¶ 12.
[7] Pl.'s Compl. ¶ 13.
[8] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[9] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[10] Def.'s Mem. Supp. Mot. Relief Default J. 2.
[11] Def.'s Mem. Supp. Mot. Relief Default J. 2. Ex. A.

**2021 VI Super 111P**

relief from default judgment pursuant to Rule 60(b)(1) of the Virgin Islands Rules of Civil Procedure based upon mistake, inadvertence, and excusable neglect. VIHA argues that it has no record of being served and that extenuating circumstances due to the destruction of its offices by Hurricanes Irma and Maria make relief appropriate under the excusable neglect standard. Additionally, VIHA argues that it has a meritorious defense to Clark's claims and that Clark will suffer no prejudice if VIHA is relieved from default judgment. Clark filed an Opposition to Defendant's Motion for Relief from Default Judgment on August 16, 2019, arguing that service was properly effectuated on VIHA. VIHA filed a Reply to Plaintiff's Opposition to Defendant's Motion for Relief from Judgment on August 29, 2019. On September 14, 2021, the Court ordered the parties to advise the Court in writing of all matters necessary to ready the case for trial and any other matters that will assist in the disposition of this case. VIHA responded to the Court's Order on September 27, 2021, and Clark responded on September 28, 2021. The Court has reviewed all motions pending before it, and this Order addresses only VIHA's Motion for Relief from Default Judgment.

## II.    LEGAL STANDARD

¶6      In the Virgin Islands, the Court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60 of the Virgin Islands Rules of Civil Procedure, which governs the processes for seeking relief from a judgement or order.[12] V.I. R. Civ. P 60(b)(1) allows for a party or its legal representative to move for relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."[13] Excusable neglect requires a justification for an error beyond the mere carelessness or ignorance of the law on the part of the litigant or his attorney.[14] On a motion to set aside a default judgment under this rule, courts generally consider three factors to determine what constitutes excusable neglect: (1) whether vacating the default judgment will visit prejudice on the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.[15] Determining excusable neglect is an equitable consideration, so courts will also consider other relevant factors surrounding the omission, including whether it was within reasonable control of the movant and the reason for the delay.[16] The party moving to set aside a default judgment bears the burden of demonstrating these factors, and the trial judge ultimately has the discretion to decide whether to set aside the judgment.[17] However, a default judgment entered when a complaint has not been

---

[12] V.I. R. Civ. P. 55(c); V.I. R. Civ. P. 60.

[13] V.I. R. Civ. P. 60(b)(1).

[14] *Tate v. The Jaber Company*, 72 V.I. 11, 19-20 (V.I. Super. Ct. 2019).

[15] *Id.* at 17-18 (citing *Spencer v. Navarro*, Civ. No. 2007-69, 2009 V.I. Supreme LEXIS 25, at *4-5 (V.I. April 8, 2009).

[16] *Harrigan v. V.I. Dep't of Pub. Works*, No. ST-17-CV-504, 2020 LEXIS V.I. 91, at *5-6 (V.I. Super. Ct. Aug. 27, 2020) (citing *Fuller v. Browne*, 59 V.I. 948, 954 (V.I. 2013)).

[17] *Camilo v. Frett*, No. ST-11-CV-7, 2017 V.I. LEXIS 108, at *3-4 (V.I. Super. Ct. July 17, 2017).

**2021 VI Super 111P**

properly served is void and must be set aside as a matter of law.[18] Generally, default judgments are disfavored in this jurisdiction, and any doubts should be resolved in favor of setting aside the default judgment and determining a decision on the merits.[19]

## III.   ANALYSIS

### A. The Court Will Grant VIHA's Motion for Relief from Default Summary Judgment Because the Circumstances Surrounding VIHA's Response to the Summons and Complaint Constitute Excusable Neglect.

¶7      In this case, VIHA bears the burden of proving that it failed to respond to Clark's Summons and Complaint due to mistake, inadvertence, surprise, or excusable neglect as outlined by V.I. R. Civ. P 60(b)(1). Although service of process is at issue here, the Court finds that Clark properly served VIHA with the Summons and Complaint,[20] and therefore the default judgment does not need to be set aside as a matter of law. With discretion to rule on VIHA's motion to set aside the default judgment, the Court turns to the issue of whether VIHA's failure to answer or respond to the Summons and Complaint was due to excusable neglect. The Court considers whether VIHA's actions constitute excusable neglect by examining whether setting aside the judgment will prejudice Clark, whether VIHA has a meritorious defense, and whether the default was a result of VIHA's culpable conduct.

### 1.  Setting Aside the Default Judgment Will Not Visit Prejudice on Clark

¶8      Regarding the first factor of the analysis, prejudice to the nonmoving party is demonstrated by either increased expense to the nonmoving party arising from the extra costs associated with filings responding to the delayed action, or increased difficulty in the nonmoving party's ability to present or defend its claims.[21] VIHA argues that Clark will suffer no prejudice because he was never legally entitled to bring this claim against VIHA. VIHA also argues that even if Clark has some legal basis for his claim, Clark is free to take appropriate action to litigate the case on the

---

[18] *Ernest v. Morris*, 64 V.I. 627, 638 (V.I. 2016) (determining that the Third Circuit stated the correct rule that "a default judgment entered when a complaint has not been properly served is void and must be set aside") (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).

[19] *See Magette v. The Daily Post*, 11 V.I. 335, 335 (D.V.I. 1975) (determining that "the policy of the law favors hearing claims and defenses of litigants on the merits"); *see also Tate*, 72 V.I. at 21 (establishing that any doubts should be resolved in favor of the petition to set aside the judgment so that cases can be decided on the merits because the interests of justice are best served by a trial on the merits).

[20] The Court's review of the record affirms this Court's prior determination that VIHA was properly served with the Summons and Complaint on November 27, 2017. *See* Default Hr'g Tr. 17. (At the Default Hearing on November 29, 2018, process server Kerry Rhymer testified that he served VIHA's Executive Director, Robert Graham, at VIHA's Office in Oswald Harris Court on November 27, 2017); *see also* Graham Aff. ¶¶ 8-10 (Graham testified via sworn Affidavit on July 19, 2019, that while he does not remember being served, VIHA was operating out of a temporary office in Oswald Harris Court, and he was present at that location on the day Rhymer alleged to have personally served him with the Summons and Complaint).

[21] *See Harrigan*, LEXIS V.I. 91 at *6-7 (citing *Molloy v. Independence Blue Cross*, 56 V.I. 155, 189 (V.I. 2012)).

**2021 VI Super 111P**

merits. Further, VIHA notes that the Judgment in this case was entered after only the submission of one two-page motion from Clark and one brief hearing, indicating that Clark would not be incurring significant extra costs by simply litigating his claim on the merits. The Court finds that while VIHA's argument that Clark is not entitled to bring this claim is irrelevant to this factor of the analysis, VIHA has successfully demonstrated that Clark would not suffer prejudice by setting aside the default judgment. VIHA is correct that Clark has not engaged in extensive filings or motions practice in pursuing his claim. The case is in its infancy, and no discovery has been undertaken. Clark has not alleged that witnesses are no longer available, or evidence has been lost due to VIHA's delayed response. The costs Clark would incur by filing responses to VIHA's delayed response are not more than they would have been had VIHA responded to the Summons and Complaint when it was originally served. Since Clark has not yet had to present or defend his claims beyond his Motion for Summary Judgment, proceeding to litigating the case on the merits would not impose additional difficulties on his ability to present his claims. Additionally, default judgments are generally disfavored when a case can be decided on the merits.[22] The Court finds that although VIHA's motions were delayed, responding to VIHA's Motion for Relief from Default Judgment and accompanying Motion to Dismiss would not impose significant extra costs on Clark or cause an increased difficulty in Clark's ability to present or defend his claims. Therefore, VIHA has successfully established this factor of the analysis to set aside the default judgment.

## 2. VIHA Has a Meritorious Defense

¶9      The second factor of the analysis, determining whether the moving party has a meritorious defense to the plaintiff's claim, requires the Court to examine the facts and points of law alleged by the moving party that constitute its defense. If the moving party's allegations were proven at trial and would constitute a defense to the plaintiff's claim, a meritorious defense is established.[23] When a defendant asserts a meritorious defense, the policy of the law favors hearing the defendant's claims.[24] Here, VIHA has successfully outlined a meritorious defense against Clark's claim of wrongful discharge. When the Court granted Summary Judgment in favor of Clark, it found that Clark's discharge from VIHA was wrongful under 24 V.I.C. § 76(a).[25] However, VIHA correctly argues that 24 V.I.C. § 76(a) does not apply to an employee terminated by a public employer. The Supreme Court of the Virgin Islands has affirmed that a public employer, as defined by 24 V.I.C. § 362(i), is "expressly exempt from the application of the Virgin Islands Wrongful

---

[22] *See Magette*, 11 V.I. at 335; *see also Tate*, 72 V.I. at 21.

[23] *See Bonhomme v. Terry Fredericks, Assoc.*, 25 V.I. 385, 388 (D.V.I. 1990) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) and *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)) ("It is not necessary that the answer establish the defense; it is sufficient if the allegations, if established, would constitute a defense"); *see also Tate*, 72 V.I. at 18-19.

[24] *Magette*, 11 V.I. at 335.

[25] Pl.'s Summ. J. (determining that "Plaintiff had demonstrated that he was an employee of an employer covered by the [Wrongful Discharge] Act, that Plaintiff was discharged for "job performance," and that the discharge was wrongful").

**2021 VI Super 111P**

Discharge Act."[26] VIHA, Clark's former employer, is explicitly named in 24 V.I.C. § 362(i) as a public employer.[27] Accordingly, if these facts alleged by VIHA were proven at trial, Clark would not be entitled to bring a claim against VIHA pursuant to 24 V.I.C. § 76(a), and thus Clark's claim against VIHA would fail. VIHA has therefore established a meritorious defense and satisfied this factor of the analysis to set aside the default judgment.

### 3. The Default Was Not the Result of VIHA's Culpable Conduct

¶10      The third factor of the analysis examines whether the default was the result of the defendant's culpable conduct. In making this determination, courts have required a demonstration of good faith on the part of the moving party and some reasonable basis for the noncompliance with the rules of procedure.[28] A justification beyond mere carelessness or ignorance of the law on the part of the moving party is required.[29] In this case, VIHA alleges that it did not willfully ignore or evade service, and extenuating circumstances caused by Hurricanes Irma and Maria resulted in VIHA's lack of notice and response. Graham, VIHA's Executive Director, testified via Affidavit as to the circumstances under which VIHA was operating on the day VIHA was allegedly served. The entire Territory was still reeling from the damage caused by the hurricanes and the interruption to the ordinary course of business. VIHA's primary office was destroyed by the hurricanes, and VIHA was operating out of a small, under-staffed, temporary office in Oswald Harris Court. Electricity, as well as phone and internet service, was minimal. No one at the office that day, including Graham, has any record or memory of being served.

¶11      Extenuating circumstances caused by a natural disaster such as a hurricane or a flood does not automatically constitute a finding of excusable neglect.[30] But here, VIHA demonstrates that its delay in responding to the suit was not due to mere carelessness or ignorance of the law. There is also no evidence that VIHA acted in bad faith. VIHA's counsel entered an appearance and filed an appropriate response to the complaint when VIHA became aware of the action. VIHA's counsel also notes the prior procedural history in this matter and that PERB had dismissed the matter with prejudice, leaving VIHA to believe the matter was closed. VIHA has presented a reasonable basis for its delay in responding to the suit and has shown that it acted in good faith. Therefore, the Court finds that the default was not the result of VIHA's culpable conduct, and VIHA has satisfied this factor of the analysis.

---

[26] *Chapman v. Cornwall*, 58 V.I. 431, 443 (V.I. 2013) (citing *Frorup-Alie v. V.I. Hous. Fin. Auth.*, Civ. No. 2000-0086, 2003 U.S. Dist. LEXIS 25395, at *18 (D.V.I. Oct. 24, 2003)).

[27] 24 V.I.C. § 362(i) ("…'public employer' means the executive branch of the Government of the Virgin Islands and any agency or instrumentality thereof including, but not limited to, the Virgin Islands Port Authority, the Virgin Islands Water and Power Authority, the *Virgin Islands Housing Authority*…") (emphasis added).

[28] *Tate*, 72 V.I. at 20.

[29] *Id.* at 19.

[30] *See Harrigan*, LEXIS V.I. 91 at *7-8 (acknowledging that while the Court is sympathetic to the circumstances surrounding a hurricane's devastation, the delay was beyond what is constituted as excusable neglect).

**2021 VI Super 111P**

### 4. Other Equitable Concerns Weigh in Favor of Setting Aside the Default Judgment

¶12     Since the determination of excusable neglect is an equitable one, the Court will also consider other factors relevant to the circumstances surrounding VIHA's lack of response to the summons and complaint. Namely, the Court will focus on whether the circumstances surrounding the omission were out of VIHA's control and the reason for its delay in responding to the suit.[31] As discussed above, VIHA demonstrated that its failure to respond to the suit was not due to its own willful or culpable conduct. The reason for VIHA's delay in responding was the interruption to the course of business caused by Hurricanes Irma and Maria. The hurricanes destroyed VIHA's offices and greatly disrupted VIHA's typical record keeping mechanisms, and this damage was out of VIHA's control. VIHA demonstrated good faith by entering an appearance and responding to the suit when it was made aware of the default judgment. VIHA has also demonstrated that while setting aside the default judgment would visit minimal prejudice on Clark, affirming the grant of default summary judgment would visit prejudice upon VIHA. VIHA has successfully shown a meritorious defense to Clark's wrongful termination claim. When a potentially meritorious defense has been demonstrated, a legitimate doubt should be raised as to the validity of the default judgment.[32] Doubts are to be resolved in favor of setting aside a default judgment in favor of a trial on the merits.[33] Considering equitable concerns such as VIHA's control over the circumstances surrounding the delay and the prejudice that could be visited on VIHA by avoiding a trial on the merits weigh in favor of setting aside the default judgment.

## IV.     CONCLUSION

¶13     In the Virgin Islands, the trial court has discretion to set aside a default judgment if the complaint in the case was properly served.[34] V.I. R. Civ. P 60(b)(1) allows for a party to move for relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."[35] The determination of "excusable neglect" is an equitable one in which the Court generally considers three factors: (1) whether vacating the default judgment will visit prejudice on the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.[36] The Court will also consider other factors relevant to the circumstances of the omission.[37] The party moving to set the judgment aside bears the burden of demonstrating excusable neglect.[38]

---

[31] *See Harrigan*, LEXIS V.I. 91 at *5-6.

[32] *Tate*, 72 V.I. at 21.

[33] *Id.* (finding the interests of justice are "best served by a trial on the merits"); *see also Magette v. The Daily Post*, 11 V.I. 335, 335 (D.V.I. 1975).

[34] *Ernest v. Morris*, 64 V.I. 627, 638 (V.I. 2016).

[35] V.I. R. Civ. P. 60(b)(1).

[36] *Tate*, 72 V.I. at 17-18.

[37] *Harrigan*, LEXIS V.I. 91 at *5-6.

[38] *Camilo v. Frett*, Civ. No. ST-11-CV-7, 2017 V.I. LEXIS 108, at *3-4 (V.I. Super. Ct. July 17, 2017).

**2021 VI Super 111P**

¶14   In this case, the Court finds that VIHA was properly served with the Summons and Complaint, so the Court has discretion to set aside the default judgment. The Court also finds that Defendant VIHA successfully demonstrated that it failed to initially respond to Clark's Summons and Complaint because of excusable neglect. Setting aside the judgment would not visit prejudice on Clark because responding to VIHA's answer, even though delayed, would not impose significant extra costs or difficulties on Clark. VIHA has also alleged facts that if proven true at trial would constitute a complete defense to VIHA's claim of wrongful discharge, therefore successfully demonstrating a meritorious defense on the merits. VIHA has also shown that its initial failure to respond was due to the extenuating circumstances impacting its business following Hurricanes Irma and Maria and not due to VIHA's culpable conduct. As an equitable consideration, the reason for the delay and the lack of control VIHA had over the hurricanes and their aftermath were also considered. Finding that VIHA has successfully demonstrated that the default summary judgment in favor of Clark should be set aside, it is hereby

   **ORDERED** that VIHA's Motion for Relief from Default Judgment is **GRANTED**; and it is further

   **ORDERED** that Plaintiff shall respond to Defendant's Motion to Dismiss by December 1, 2021, and Defendant, may, but is not required to file a response pursuant to the Rules; and it is further

   **ORDERED** a copy of this Order shall be directed to counsel of record.

Dated: November 15, 2021.

_____
**Hon. Sigrid M. Tejo**
Superior Court of the Virgin Islands

ATTEST: **Tamara Charles**
Clerk of the Court ___/___/___

By:_____ 11/16/2021
   for **LATOYA CAMACHO**
   Court Clerk Supervisor____/___/___